642 So.2d 123 (1994)
A MORTGAGE COMPANY Formerly America's Mortgage Company, Appellant,
v.
Randy L. BOWMAN; Lori A. Bowman and Unknown Spouse, if Married; Unknown Tenant(S), Appellees.
No. 93-2659.
District Court of Appeal of Florida, Fourth District.
September 9, 1994.
Deborah S. Wildhage of Shapiro & Fishman, Boca Raton, for appellant.
No appearance for appellees.
PER CURIAM.
This is an appeal from a post-judgment order in a mortgage foreclosure proceeding denying the motion of appellant, A Mortgage Company, formerly America's Mortgage Company *124 (mortgagee), to reschedule a foreclosure sale. We reverse.
A summary judgment of foreclosure was entered in favor of mortgagee. Pursuant to said judgment, a clerk's foreclosure sale was scheduled for July 8, 1993.
Payment of the indebtedness secured by the mortgage in question is guaranteed by the Department of Veteran's Administration (V.A.). Therefore, sale of the property is governed by the requirements and limitations of 38 U.S.C. sections 3701 et seq. (1993), which require bidding instructions be obtained from the V.A. before a foreclosure sale can occur. See Commonwealth Mortg. Corp. of Amer., L.P. v. Frankhouse, 551 So.2d 599 (Fla. 4th DCA 1989). In order to realize the benefit of the guarantee, the mortgagee was required to acquire and adhere to bidding instructions ordinarily forwarded to the mortgagee by the V.A.
Because the instructions from the V.A. were not timely obtained, the sale did not take place as scheduled. The next day, the mortgagee submitted an ex parte motion and proposed order to reset the sale explaining that the V.A. had advised the mortgagee that it could not yet issue bidding instructions and needed an additional 45 days. The trial court, without explanation or elaboration, denied the mortgagee's motion.
One week after the denial, the mortgagee filed a second motion to reschedule the foreclosure sale, again notifying the trial court that the V.A. had advised the mortgagee that it could not issue bidding instructions and needed more time. Without explanation or elaboration, the trial court again denied the motion.
With respect to the cancellation and rescheduling of foreclosure sales, absent extraordinary circumstances, a mortgagee has the right to proceed to sale on any property on which it has successfully foreclosed its mortgage. Administration of Veteran's Affairs v. Bertsche, 574 So.2d 320 (Fla. 4th DCA 1991); First Nationwide Savs. v. Thomas, 513 So.2d 804 (Fla. 4th DCA 1987). Without explanation in the order from the trial court, we are unable to determine upon what extraordinary circumstances denial was predicated. By refusing to enter an order rescheduling sale, the trial court abused its discretion. Bertsche; Thomas.
We accordingly reverse and remand with instructions to reschedule the clerk's foreclosure sale. See Source One Mortg. Servs. Corp. v. Stewart, 634 So.2d 828 (Fla. 4th DCA 1994); Bertsche; Thomas.
REVERSED AND REMANDED.
DELL, C.J., and STONE and PARIENTE, JJ., concur.