GUNTHER, Judge.
Appellant, Chemical Mortgage Company, plaintiff below (Chemical), appeals a post-judgment order denying its motion for an order cancelling and rescheduling a foreclosure sale. Because this ease does not present extraordinary circumstances, and because the foreclosure sale was frustrated through no fault of Chemical, we reverse.
Chemical owned the instant mortgage and note, guaranteed by the Veteran’s Administration (V.A.), by virtue of an assignment from the original mortgagee. Chemical filed a foreclosure complaint and the trial court eventually entered a final summary judgment of foreclosure. Pursuant to the final judgment, the foreclosure sale date was set for December 6, 1993. However, Chemical was unable to obtain bidding instructions from the V.A. prior to December 6, 1993. As a result, Chemical filed a motion and proposed order cancelling and rescheduling the foreclosure sale on December 8, 1993. The trial court, after conducting a hearing, ultimately denied Chemical’s motion.
The mortgage in question, being a V.A. guaranteed loan, was governed by the requirements and limitations outlined in federal law. A Mortg. Co. v. Bowman, 642 So.2d 123 (Fla. 4th DCA 1994); Commonwealth Mortg. Corp. of Amer., L.P. v. Frankhouse, 551 So.2d 599 (Fla. 4th DCA 1989). Thus, pursuant to the rules and regulations contained at 38 C.F.R. section 36.4320(b), in order to realize the benefit of the V,A.’s guarantee, Chemical was required to acquire and adhere to bidding instructions ordinarily forwarded to the mortgagee by the V.A. See A Mortg. Co., supra. Unfortunately, the V.A. does not always timely provide the bidding instructions to the mortgagee. This court has held, on numerous occasions, that when the bidding instructions are not timely obtained from the V.A., a mortgagee has the right to have the foreclosure sale rescheduled absent extraordinary circumstances. See A Mortg. Co. v. Bowman, 642 So.2d 123 (Fla. 4th DCA 1994); Administration of Veteran’s Affairs v. Bertsche, 574 So.2d 320 (Fla. 4th DCA 1991); Commonwealth Mortg. Corp. of Amer., L.P. v. Frankhouse, 551 So.2d 599 (Fla. 4th DCA 1989); First Nationwide Savings v. Thomas, 513 So.2d 804 (Fla. 4th DCA 1987).
In the instant case, no extraordinary circumstances are present which would prevent the rescheduling of the foreclosure sale date. It is uncontroverted that Chemical did not receive the bidding instructions from the V.A. prior to the sale date. Thus, Chemical’s right to proceed to a foreclosure sale should not be frustrated because, through no fault of Chemical, bidding instructions were not timely furnished by the V.A. Therefore, the trial court abused its discretion in denying Chemical’s motion to cancel and reschedule the foreclosure sale date.
Accordingly, this case is reversed and remanded with directions to the trial court to reschedule the foreclosure sale.
REVERSED AND REMANDED
PARIENTE, J., concurs.
STONE, J., concurs specially with opinion.