GUNTHER, Judge.
Appellant, Margaretten and Company, Inc., plaintiff below (Margaretten), appeals a post-judgment trial court order denying its motion for an order cancelling and rescheduling a foreclosure sale. Because this case does not present extraordinary circumstances, and because the foreclosure sale was frustrated through no fault of Margaretten, we reverse.
Margaretten was the original mortgagee who owned the instant mortgage and note which was guaranteed by the Veteran’s Association (V.A.). Margaretten filed a foreclosure complaint and the trial court ultimately entered a final judgment of foreclosure. After a scrivener’s error was corrected, the trial court set forth a foreclosure sale date of November 8, 1993. Unfortunately, Margaretten was unable to obtain bidding instructions from the V.A. prior to that date. As a result, Margaretten filed a motion and proposed order cancelling and rescheduling the foreclosure sale date on November 8, 1993. The trial court, however, ultimately denied the motion.
The mortgage in question, being a V.A. guaranteed loan, was governed by the requirements and limitations outlined in federal . law. A Mortg. Co. v. Bowman, 642 So.2d 123 (Fla. 4th DCA 1994); Commonwealth Mortg. Corp. of Amer., L.P. v. Frankhouse, 551 So.2d 599 (Fla. 4th DCA 1989). Thus, pursuant to the rules and regulations contained at 38 C.F.R. section 36.4320(b), in order to realize the benefit of the guarantee, Margaretten was required to acquire and adhere to bidding instructions ordinarily forwarded to the mortgagee by the V.A. See A Mortg. Co., supra. Unfortunately, the V.A. does not always timely provide the bidding instructions to the mortgagee. This court has held, on numerous occasions, that when the bidding instructions are not timely obtained from the V.A., a mortgagee has the right to have the foreclosure sale rescheduled absent extraordinary circumstances. See A Mortg. Co. v. Bowman, 642 So.2d 123 (Fla. 4th DCA 1994); Administration of Veteran’s Affairs v. Bertshe, 574 So.2d 320 (Fla. 4th DCA 1991); Commonwealth Mortg. Corp. of Amer., L.P. v. Frankhouse, 551 So.2d 599 (Fla. 4th DCA 1989); First Nationwide Sav *1281 ings v. Thomas, 513 So.2d 804 (Fla. 4th DCA 1987).
In the instant case, it is uncontroverted that Margaretten did not receive the bidding instructions from the V.A. prior to the sale date. Moreover, we find no “extraordinary circumstances” where Margaretten’s right to proceed to a foreclosure sale should be frustrated because, through no fault of Margaret-ten, bidding instructions were not furnished by the V.A. Thus, the trial court abused its discretion in denying Margaretten’s motion to cancel and reschedule the foreclosure sale date.
Accordingly, this case is reversed and remanded with directions to the trial court to reschedule the foreclosure sale.
PARIENTE, J., concurs.
STONE, J., concurs specially with opinion.